**Ronald J. BRENNEKE, Plaintiff-Appellant,**

v.

**Sylvester LA CHANCE, Defendant-Respondent.**

No. 31961.

St. Louis Court of Appeals.

Missouri.

Nov. 16, 1965.

Robert A. McIlrath, Flat River, W. T. McGhee, Brentwood, for plaintiff-appellant.

Dearing, Richeson, Weier, & Roberts, Samuel Richeson, Hillsboro, for respondent.

ANDERSON, Judge.

This is an action for damages alleged by plaintiff to have been sustained by him as a result of defendant's negligence. Plaintiff was riding on a motorcycle westwardly on Highway 8 in Washington County. With him was a friend who was sitting on what plaintiff described as the "Buddy Seat." Defendant, just prior to the accident, had been traveling east on said highway, approaching a driveway which led from the highway to his house located north of the highway. Defendant's intention was to turn left into said driveway. Plaintiff's evidence was that defendant made the turn across the westbound lane thus forcing him off the road, and that his motorcycle ran into a culvert pipe with the result that the two boys were thrown off the motorcycle. Plaintiff's evidence further shows that as

a result of this collision, plaintiff was injured. Defendant's evidence was that when he reached the driveway he stopped his automobile intending to make the left turn, but at no time did any part of his automobile extend beyond the center line of the highway. The trial resulted in a verdict and judgment for plaintiff for $400.00. Plaintiff appealed from the judgment claiming inadequacy of the verdict.

The accident happened the afternoon of August 5, 1962. Plaintiff was taken to a hospital in Bonne Terre where he was examined and treated by Dr. Van Taylor. The doctor found a lacerated wound of the scalp and right thigh. These lacerations were sutured. There was also swelling of the right knee, and several abrasions and bruises on various parts of his body, none of which seemed to be of any consequence. His skull was X-rayed for fracture but none was found. An X-ray was also taken of the right knee which Dr. Van Taylor said did not reveal any fracture. However, a day or so later another X-ray of the knee was taken and a fracture line was revealed in the upper part of the tibia which ran into the knee joint. However, there was no displacement. An X-ray taken one month later showed that part of the fracture which ran into the knee joint had healed without any deformity to the knee. Plaintiff was kept in bed a few days and then was able to be up on crutches. Plaintiff's knee joint was swollen to such an extent that he could not bend it very well. He left the hospital on August 10, five days after he was admitted. On September 11, 1962, plaintiff saw the doctor again at the hospital. At that time the sutures had been removed, and the wounds on the scalp and thigh had healed. Also at that time the swelling in the knee had diminished considerably, and to such an extent that plaintiff could straighten his leg entirely. On this visit, plaintiff was told to discard his crutches, and to return in a few days. Plaintiff did not return.

The next time Dr. Van Taylor saw plaintiff was on Saturday before the date of trial (April 6, 1964). The doctor testified that on this visit there was no swelling or instability in the knee joint. There was no limitation of motion in the leg, but when he squatted he did have some limitation of motion in the knee joint; that it did not come back as far as the other knee, but the difference was at a minimum. This and a scar on the thigh was all the evidence the doctor could find of the results of the accident.

After plaintiff left the hospital on August 10, 1962, he went home. He was living at his mother's house. His evidence shows that he was in bed for a week, then was able to be about on crutches. He used crutches for about seven weeks after he left the hospital, and then for about a week used a cane quite a bit. Plaintiff testified that the knee was a little stiff and gives him trouble in damp weather.

Plaintiff testified that prior to the accident his motorcycle was worth $250.00 and not much over $100.00 after the accident. However, there was no evidence of the nature of the damage. Dr. Van Taylor's bill was $60.00. The hospital bill was $102.00. The bill for the ambulance which conveyed him to the hospital was $10.00. The cost of the X-ray was $10.00.

Plaintiff was not employed on the day of the accident, but from his testimony, it seems he had employment promised him, but it does not clearly appear when he was to start this job. Later he went to work at the job. It was with Dreier Motor Company. The date he went to work does not appear from his testimony, but he said he lost eight weeks work at $50.00 per week. There was no corroborative testimony of this. He testified he was on crutches seven weeks after getting out of the hospital. The doctor testified, however, that on September 11th, about one month after plaintiff left the hospital, he told plaintiff to discard his crutches. Plaintiff further testified that for a while after going to work he used a cane.

Plaintiff admitted that in July 1962, about a month before the accident in question, he had been in an automobile accident in which his right knee was injured. An X-ray taken of the knee at that time did not reveal a fracture. He stated that his knee did not swell as a result of that accident.

As heretofore stated plaintiff's only complaint on this appeal is that the award of the jury is inadequate, and for that reason he should be granted a new trial on the issue of damages.

 It has been many times held that the amount to be allowed as damages in a personal injury suit is primarily a matter for the jury, and that on appellate review its finding will not be disturbed unless the verdict is deemed so grossly inadequate as to indicate bias, passion and prejudice against the plaintiff. We will not weigh the evidence to arrive at a figure we deem just and reasonable and set aside a judgment not conforming to our view as being against the weight of the evidence. Vogrin v. Forum Cafeterias of America, Inc., Mo., 308 S.W.2d 617; Conner v. Neiswender, 360 Mo. 1074, 232 S.W.2d 469; Pinkston v. McClanahan, Mo., 350 S.W.2d 724. We must also view the evidence in the light most favorable to the verdict, for the reason that it was the sole province of the jury at the trial, and the trial judge on motion for new trial to pass upon the weight of the evidence and the credibility of the witnesses. Wilhelm v. Kansas City Public Service Co., 358 Mo. 6, 212 S.W.2d 915. The refusal of the trial judge to set aside a verdict on the ground of inadequacy will not be disturbed except upon a finding of an abuse of discretion. Wilhelm v. Kansas City Public Service Co., supra.

In the case at bar the issue of liability was very close. In fact a verdict for defendant would have been fully supported by the evidence. There were present evidentiary grounds for a belief that the plaintiff's injury, although initially painful, was not of a serious nature. The principal injury was to the right knee which had also been injured in an accident one month previously. While there was testimony by plaintiff that there was no relation between the previous injury and the condition found after the second accident, the credibility of this testimony was for the jury. Plaintiff testified he lost eight weeks work, but the evidence shows he was not actually employed at the time of the accident. He stated he went to work while using crutches. His doctor testified that about a month after plaintiff left the hospital he advised plaintiff to discard his crutches. Plaintiff's testimony that he lost eight weeks work was not corroborated. In view of these facts and circumstances the jury might well have disbelieved plaintiff's testimony that he suffered loss of earnings or that such loss of earnings were for a period of eight weeks.

 Plaintiff expended money for ambulance service and medical expense in the sum of $182.00. He claimed a loss of $150.00 to his motorcycle by giving his opinion of its value before and after the accident. However, the nature of the damage was not shown. The residual effect of the injury to his knee was of no consequence, according to the testimony of his own doctor.

Considering the evidence relating to the nature and extent of plaintiff's injuries and damage, and having in mind the principles of law applicable, we cannot say the award was so grossly inadequate as to indicate passion, bias and prejudice of the jury. The jury's award, approved by the trial court, should not be disturbed.

The judgment is affirmed.

WOLFE, P. J., and L. F. COTTEY, Special Judge, concur.